Anthony G. Maccarini, Esq. County Attorney, Putnam County
This is in response to your letter dated May 7, 1979 requesting an Opinion of the Attorney General on the following question: Does the Commissioner of Social Services have the power to receive a power of attorney and to convey real property pursuant to such?
The relevant facts as you state them are as follows:
In May of 1977, a general Power of Attorney was granted to the Putnam County Commissioner of Social Services by a recipient of medical assistance who owned real estate within the County. At the time, such recipient was fully capable of understanding the nature of such an act. Thereafter, in October of 1978, the Commissioner, as Attorney-in-Fact, entered into a Contract of Sale for such property, following the obtaining of appraisals. Among the exceptions to title raised by the insurer for the purchasers, was the authority of the Commissioner to sell such property. This exception survived the closing of title on December 14, 1978. You have noted that at such time the mental condition of the grantor of the power of attorney had deteriorated substantially so that she probably would not have been competent to enter into any legal binding agreement.
The General Obligations Law, Article 5, Title 15, places no restrictions upon the grant of the power to any public official.
Any objections to a public official's acting under such a power must be determined by either explicit statutory limitation or the inherent duties and ethical standards pertaining to public office.
Article 5 — 1502 A through L inclusive, defines the agent's powers. Article 5 — 1601, provides for the exercise of the power notwithstanding the subsequent disability of the principal provided the executed power contains the necessary intent. The grant herein included this.
There is no statutory limitation.
With respect to inherent duties and ethical standards it is pertinent to note 47 N Y Jur., p. 575, in which it is stated that "The American concept of a public office is that of a public agency or trust created in the interest and for the benefit of the people."
The above applies with added emphasis to the social services official who is charged with aiding and protecting those citizens who are experiencing financial and other hardship.
Social Services law, Section 62, charges each public welfare district with responsibility for public assistance and care.
Social Services Law, Section 62, (1), states:
 "Subject to reimbursement in the cases hereinafter provided for, each public welfare district shall be responsible for the assistance and care of any person who resides or is found in its territory and who is in need of public assistance and care which he is unable to provide for himself."
Social Services Law, Section 106, specifically applies to the situation where a client of the agency holds real property as an asset. It is the unquestionable legislative intent that such private assets be used for support before public funds are used.
In view of the power to receive and dispose of property under Section 106, supra, there should be no objection to the exercise of the Power of Attorney herein.
In the case of Snell v. Wyman, 281 F. Supp. 853 (1968), aff'd.89 S. Ct. 553, 393 U.S. 323, 21 L Ed. 2d 511, the local social services commissioner pursuant to Sections 104 and 360 of the Social Services Law obtained from Mrs. Snell a "Pledge Agreement" and "Assignment of Proceeds of Sale" relating to her interest in a cooperative apartment. These documents empowered him to sell her interest in the apartment. The District Court, Southern District of New York, sustained the action of the Commissioner and the Supreme Court affirmed. The action therein was held not violative of the constitutional requirements of due process, equal protection of the law, nor was it void for vagueness. It would appear by analogy that a Social Services Commissioner would have the right under the Statute above-quoted to obtain the necessary power of attorney to sell the welfare recipient's property to reimburse the government for the public assistance provided to the recipient.
This power of attorney was given as security for the debts incurred on behalf of the principal. The property which is the subject matter of the power was delivered to the Commissioner as part of the transaction. Such a power is coupled with an interest and is irrevocable. Death, incapacity or termination by act of the principal can not have any effect herein.
The Social Services Law does not prohibit a Social Service Official from accepting a power of attorney and using the powers granted thereunder as Attorney-in-Fact for the benefit of the grantor of the power, and dispose of the grantor's assets for such purpose.
All that is required is that the power be exercised in compliance with the applicable statutes.
Therefore, in order to meet his mandated responsibilities a Social Services Commissioner may accept a power of attorney to act on behalf of a principal who is in receipt of medical assistance and sell real property as agent using the powers granted to him under the General Obligations Law, (Title 15), and to apply the proceeds for the assistance and care of the individual in need.